UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRI A. REICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:04-CV-415 |
| ) | |
| HOMIER DISTRIBUTING CO., INC., d/b/a ) | |
| HOMIER MOBILE MERCHANTS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Terri A. Reich alleges that her former employer, Homier Mobile Merchants, failed to pay her overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Before the Court are two motions to compel filed by Reich. (Docket # 46, 48.) For the reasons given below, the first motion (Docket # 46) will be GRANTED in part, albeit conditionally, and DENIED in part; the second motion (Docket # 48) will be DENIED.

It is a bit odd to be resolving discovery disputes at this juncture, as this case is nearly over; that is, almost every contested legal and factual issue has been resolved. Homier has conceded that it is liable to Reich under the FLSA for her unpaid overtime. And the parties have, at the Court's urging, stipulated to the number of hours for which Reich was not properly compensated. (*See* Docket # 57, 58.) Thus, the only remaining issue is what rate of overtime pay Reich deserves for those unpaid hours.

When an employee covered by the FLSA works more than forty hours in a week, his employer must pay him for the excess hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). This "regular rate" must be

expressed as an hourly rate, 29 C.F.R. § 778.109, but here, Reich was paid a fixed salary during her employment, regardless of the number of hours she worked.  For such employees, the "regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary *is intended to compensate*."  29 C.F.R. § 778.113(a) (emphasis added).  The only remaining dispute between Reich and Homier is just what number of hours her salary was "intended to compensate."

Reich's position is that her salary was intended to compensate forty hours a week.  This means that, in her view, she has not been compensated *at all* for any hours she worked over forty in any week.  So, for example, suppose that Reich was paid $1000 per week,[1] and that she worked 60 hours during Week X.  She believes that the $1000 was intended to compensate her for the first forty hours, making her regular rate $25/hour (1000 / 40 = 25).  Her time-and-a-half rate would be $37.50/hour (25 x 1.5 = 37.5), and Homier would owe her the full $37.50 for each of her twenty hours of overtime in Week X, bringing the bill to $750 (37.5 x 20 = 750).

Homier, on the other hand, maintains that Reich's salary was intended to compensate not just forty hours a week, but however many hours she actually worked in a week.  This means that she has already received her regular rate for any hours worked over forty, and she is only owed a 50% premium for those hours to bring her pay up to time-and-a-half.  Thus, using the numbers from the previous example, her regular rate for Week X would be $16.67/hour (1000 / 60  = 16.67).  Since she has already been paid this rate for all 60 hours she worked, she now only gets paid half of her regular rate, or $8.33/hour (16.67 / 2 = 8.33), for her twenty hours of overtime, bringing the bill to $166.67 (8.33 x 20 = 166.67).

---

[1] The record does not reveal Reich's actual salary, so the figures used in this opinion are for demonstrative purposes only.

The method espoused by Homier, known as the "fluctuating workweek" method, is permissible under the FLSA. That is, the FLSA allows an employer to pay a fixed weekly salary "for the hours worked each workweek, whatever their number," and then pay "extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half [the] regular rate of pay." 29 C.F.R. § 778.114(a). However, this method is only permissible if, *inter alia*, there is a "clear mutual understanding of the parties" that the fixed weekly salary covers "the hours worked each workweek, whatever their number." *Id.*; 29 C.F.R. § 778.114(c) ("The 'fluctuating workweek' method may not be used unless . . . the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek"); *see also Heder v. City of Two Rivers, Wisconsin*, 295 F.3d 777, 779-80 (7th Cir. 2002).

And that brings us back to the parties' current discovery dispute. The main focus of the parties' arguments is on Interrogatory No. 1, which seeks to discover names, contact information, and dates of employment for every person who, like Reich, worked as a "sales partner" for Homier. Homier objected to this question and refused to answer. As noted above, the only remaining issue in this case is the rate of pay used to calculate Reich's damages; in Homier's view, the Court need only rule on that question, and then Homier will pay up and the case will be over. Homier thus argues that Interrogatory No. 1 is irrelevant and serves no purpose other than allowing Reich's attorneys to troll for potential clients.

However, as explained above, the "fluctuating workweek" method of calculation offered by Homier is only allowable if there was a "clear mutual understanding" between Reich and Homier that she would be paid by that method. Reich says that there was no written agreement

3

setting out the terms of her compensation, which Homier does not dispute.  This means that parol evidence, such as the "understanding" of other sales partners as to what hours *their* salaries were intended to compensate, and more importantly, how that understanding was achieved, may be necessary to determine whether Homier's preferred method is allowable.  *Cf. Deckard v. Gen. Motors Corp.*, 307 F.3d 556, 563 (7th Cir. 2002) (holding that parol evidence is admissible where the litigants are not parties to a written contract).  And the only way for Reich to get her hands on such evidence is to contact other sales partners; thus, she is entitled to discover their names and contact information from Homier.  *See* Fed. R. Civ. P. 26(b)(1) (providing that evidence is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence").

Accordingly, Reich's first motion to compel (Docket # 46) is GRANTED in part, and Homier is ORDERED to respond to Interrogatory No. 1.  However, as the above discussion should make clear, it is only Homier's insistence on the "fluctuating workweek" method that requires it to make such a response.  Thus, if Homier stipulates to Reich's preferred method of calculation, or if the parties can stipulate to some other method, then Homier need not comply with this Order.

Both the parties' briefs and the oral argument focused almost solely on Interrogatory No. 1 and the issues discussed *supra*.  It is possible that, with the above issues now clarified, the parties may be able to settle the case privately or stipulate to a judgment.  With that possibility in mind, the remainder of Reich's first motion to compel (Docket # 46) and the entirety of her second motion to compel (Docket # 48) are hereby DENIED without prejudice.  Should the parties be unable to resolve the case, Reich is free to reassert the arguments made therein in a new motion.

One final note: the Court finds that both parties' positions in this discovery dispute were substantially justified, and thus no fees shall be awarded.  *See* Fed. R. Civ. P. 37(d).

Enter for this 12th day of July, 2005.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge