UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRI A. REICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:04cv415 |
| | ) |
| HOMIER DISTRIBUTING CO., INC., | ) |
| d/b/a HOMIER MOBILE MERCHANTS, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Petition for an Award of Fees and Costs" filed by the plaintiff, Terri A. Reich ("Reich"), on September 6, 2005. The defendant Homier Distributing Co., Inc. d/b/a Homier Mobile Merchants ("Homier"), filed its response on September 21, 2005. Reich filed her reply on September 28, 2005.

Discussion

This action was filed on June 23, 2004, in the United States District Court for the Northern District of West Virginia, the District in which Reich resides. Upon Homier's motion, the case was transferred to this District.

In this lawsuit Reich sought recovery against Homier (her employer) of unpaid overtime and liquidated damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. In addition to raising the claim for herself, Reich sought to have this action proceed as a collective action. Unlike a Rule 23 class action, only those persons who affirmatively opt-in can be members of an FLSA collective action. Thus, Reich filed a motion to have a notice issued to other persons who had the same job title as she so that those persons could decide whether to opt into this case. Homier opposed the motion, and the court found that the other potential opt-in

plaintiffs were not sufficiently "similarly situated" to warrant collective action treatment.

Reich also served discovery requests seeking information about potential witnesses, particularly individuals who had worked with Reich, and about the various affirmative defenses which Homier raised in its answer to the complaint. Rather than produce much of the requested information and documents, Homier conceded liability for unpaid overtime and liquidated damages. Homier continued to contest the number of hours of uncompensated overtime sought by Reich, contested the regular hourly rate of pay upon which an award of overtime would be calculated, and contested the method for calculating overtime.

Reich filed a motion to compel discovery on the remaining issues and, following a telephone hearing before Magistrate Judge Cosbey, Homier agreed to accept the number of uncompensated overtime hours claimed by Reich. Other issues remained unresolved, however, as Homier contended that the regular hourly rate should be Reich's weekly salary divided by the total number of hours she claimed she had worked in that week. This method resulted in the hourly rate being lower the more hours Reich worked. Reich contended that her regular hourly rate should be calculated by dividing her salary by 40 hours per week.

Homier responded by contending that Reich had agreed to accept a salary for all hours worked, regardless of number, and that the amount of overtime should be only one-half her regularly hourly rate (calculated according to Homier's methodology). Reich, of course, contended that she was entitled to recover one and one-half times her regularly hourly rate (calculated according to her methodology).

Eventually, even though Homier had contended that Reich was entitled to less than $6700 in unpaid overtime, the parties entered into a Consent Judgment by which Reich

recovered $39,491.08 in unpaid overtime.  Reich also recovered liquidated damages, bringing her total award to $78,982.16.  The Consent Judgment Order was entered on August 23, 2005.  Although the parties now agree that Reich is entitled to recover fees and costs, the parties have differing opinions as to the amount, prompting Reich to file her present motion for award of fees and costs.

The FLSA provides: "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  The word "shall" means that an award of fees and costs is mandatory, although the amount is within the discretion of the court.  Wright v. Carrigg, 275 F.2d 448, 449 (4th Cir.  1960).

Reich seeks an award of $24,572.50 in fees (plus $1,375 for work spent on the fee petition reply brief), with a multiplier of .5 for "the excellent and efficient results obtained", for a total fee request of $38,233.75.  Reich further seeks $3,328.41 for costs.

The first dispute raised by Reich's motion is the proper hourly rate for Reich's counsels' work.  To determine a reasonable fee, "the Court must determine the 'lodestar' amount by multiplying the reasonable number of hours expended by a reasonable hourly rate."  American Knights of the Ku Klux Klan v. City of Auburn, 179 F.R.D. 228, 233-34 (N.D. Ind.  1997).  "Adjustment to that fee then may be made as necessary in the particular case."  Id. at 234.  District courts have broad discretion in determining what fee award is appropriate.  Id. at 234.  "A reasonable hourly rate should reflect the attorney's market rate, defined as the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question."  Small v. Richard Wolf Medical Instruments Corp., 264 F.3d

3

702, 707 (7th Cir. 2001)(omitting citations and internal marks). "The fee applicant bears the burden of proving the market rate." Id. The applicant can meet this burden by "submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work or by submitting evidence of fee awards the attorney has received in similar cases." Batt v. Micro Warehouse, Inc., 241 F.3d 891, 894 (7th Cir. 2001).

    As noted, the appropriate hourly rate is the "market rate" for the attorney's services in the local area. This is the rate charged by lawyers of similar ability and experience in the community. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 555 (7th Cir. 1999). Reich's counsel, Garry G. Geffert and Dan Getman, each request compensation at the rate of $250 per hour. Homier objects to this rate and asserts that a rate of $200 per hour is appropriate. According to the uncontested affidavits in this case, Mr. Geffert has been practicing employment law for over twenty-five years, and has significant experience in wage and hours cases. Mr. Geffert has been awarded fees at the rate of $300.00 per hour. Frederick County Fruit Growers Ass'n, Inc., v. Reich, C.A. N. 87-1588 (D.D.C. Order filed Feb. 6, 2004). Mr. Getman has over twenty-one years of experience, including significant experience in wage and hour cases. Mr. Getman has been awarded fees at the rate of $375.00 per hour.

    Reich asserts that the $250.00 per hour request is well in line with the prevailing market rate for the Fort Wayne area. Reich has submitted the affidavit of Cynthia Rockwell in support of her assertion. Ms. Rockwell practices employment discrimination law in Fort Wayne, and is familiar with the rates charged by employment lawyers in the area. Ms. Rockwell, who has litigated for fifteen years, was recently awarded fees of $225.00 per hour by this court. Firestine v. Parkview Health System, Inc., 1:01cv414 (N.D. Ind. June 8, 2005). Reich also seeks fees for

4

the work of paralegals Janice Pickering and Anibal Garcia.  Ms. Pickering and Ms.  Garcia, who work in Mr.  Getman's firm, are billed at the rate of $125.00 per hour, and performed a total of 4.38 hours of work on this case.

Homier objects to the requested $250.00 per hour rate, and notes that Rockwell does not distinguish between the market rate for Title VII claims and the market rate for FLSA claims. Homier cites to Curtean v.  Federal Mortgage, Inc., 2005 WL 1661992 *5 (N.D. Ill.  2005), for the proposition that "[h]ourly rates awarded in non-FLSA cases are not relevant evidence of [an attorney's] market rate for FLSA work."  Homier insists that FLSA claims are typically much simpler than Title VII claims, and thus the market rate for FLSA claims should be lower than the market rate for Title VII claims.  Interestingly, however, the Court in Curtean awarded an attorney $375 per hour and $120 per hour for paralegal time in an FLSA case.  Additionally, Homier has not offered any evidence that hourly rates for FLSA cases in this area are lower than $250 per hour, for experienced FLSA attorneys.   Accordingly, this court will award Reich's attorneys the requested $250.00 per hour for work performed.

With respect to the paralegal fees, Homier has pointed out that Reich has failed to present any evidence to support the requested $125 per hour rate for paralegals.  Reich has not responded to this argument in her reply brief.  Thus, the court will not award any paralegal fees.

Having determined the rate of pay, the court must now decide whether the number of hours for which compensation is sought is reasonable.  Reich seeks compensation for 65.7 hours of work by Mr.  Geffert  and 30.04 hours of work by Mr.  Getman, for a total of 95.74 hours.[1]

---

[1] In her reply, Reich seeks compensation for an additional 5.5 hours for her counsels' work on the reply, for a grand total of 101.24 hours.

5

In determining the reasonable number of hours that were expended on a case, several factors are important.  First, it is well-established that "excessive, redundant, or otherwise unnecessary" time is not recoverable.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  Second, a prevailing party's fee request should be reduced when a plaintiff has succeeded on only some of his claims for relief.  Morimanno v. Taco Bell, 979 F. Supp. 791, 796 (N.D. Ind. 1997).

Homier objects to the total hours claimed by Reich, arguing that Reich was not totally successful on all of her claims.  Specifically, Homier argues that Reich should not be permitted to recover for the time spent litigating the collective action issue, which amounted to approximately 44 hours of billed time.  Reich contends that the time spent litigating the collective action issues did nothing to advance Reich's individual claim.  Reich also points out that the case quickly settled after Reich's motion to proceed with the collective action was denied.  Homier asserts that whether a collective action was viable on the facts in this case was an issue wholly distinct from whether Reich was entitled to damages under the FLSA.

It is clear to this court, however, that the "claim" in this case was a claim for unpaid overtime.  Reich prevailed on that claim.  Although the collective action issue was a separate issue in the case, it was not a separate claim.  There is absolutely no caselaw to support the position that a fee award should be reduced due to the early demise of a specific issue in a case. Moreover, Reich's strategy of attempting to pursue the case as a collective action was not frivolous.  It would have clearly been in Reich's best interest to have her case presented as a collective action, one in which her co-workers' claims would have bolstered her own claims. While ultimately the collective action was not permitted to go forward, this was a matter to be determined by the court, and Reich had a reasonable basis to believe she would prevail on the

6

collective action issue.  Additionally, to deduct the time spent on the collective action issue would likely have a chilling effect on future cases.  Such a ruling could hamper an attorney's efforts to obtain the best results for his client, if the attorney fears that hours of effort will be erased from the timesheet, even if the case is ultimately successful on the merits.  Accordingly, the court will award fees for the hours spent on the collective action issue.

      Homier also argues that Reich should not be permitted to recover for the time spent litigating the motion to transfer.  Homier notes that Reich chose to bring this suit in West Virgina, and states that had the suit been brought as an individual claim, the West Virginia forum would have been appropriate and acceptable to Homier.  Because Reich chose to bring a collective action, Homier filed a motion to transfer the case to this court, which was granted.  The basis for Homier's motion, and the court's decision, to transfer the case was that the convenience of the parties and witnesses strongly favored the Indiana forum.  This was so because the case was a putative nationwide collective action and because the statistical evidence revealed that, with respect to the universe of potential plaintiffs and witnesses, Indiana was much more convenient than West Virginia.   Homier argues that over ten percent of the total attorney time spent on this case was related to the motion to transfer, and that the motion to transfer was occasioned only because Reich chose to pursue the unsuccessful collective action.  Homier claims that Bryant v. City of Chicago, 200 F.3d 1092, 1101 (7th Cir.  2000), supports its position that time spent on lost motions is not recoverable.  Bryant, however, only holds that "[w]here the plaintiff fails to obtain all that he reasonably could have asked for and achieves only partial or limited success, the lodestar amount ... is likely to be excessive. [Thus, a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the

7

litigation as a whole."

Bryant, like Hensley, focused on claims won or lost, not on specific motions in a case. While Reich was not successful in opposing the motion to transfer, there is no evidence that the ruling on this motion limited her success in the litigation as a whole. Rather, Reich was totally successful in obtaining the relief requested, i.e., the entirety of her unpaid wages plus liquidated damages. Therefore, the court will award compensation for the time spent litigating the motion to transfer.

Homier further argues that Reich should not be permitted to recover for time spent on the motion to compel. Reich's attorneys spent approximately eight to nine hours litigating this issue. Homier contends that the court has previously ruled that fees for hours spent on the motion to compel are not recoverable. (Citing Order dated July 12, 2005, denying both parties' requests for fees pursuant to Rule 37(d) of the Federal Rules of Civil Procedure).

Reich, in reply, argues that the fact that fees are not assessed on a motion to compel in no way means that such fees should not be awarded if and when a plaintiff prevails on the case. Reich argues that the motion to compel was successful and a necessary part of the case as the ruling on that motion set the stage for the final resolution of the case. Reich contends that under 29 U.S.C. § 216, FLSA fees include time spent on a motion to compel, even where fees are not awarded under Rule 37. The law is clear that Reich has the better argument on this issue, and thus she will be awarded fees for time spent on the motion to compel. Calderon v. Witvoet, 112 F.3d 275 (7th Cir. 1997)(all time and costs that would appear on a normal bill to client are reimbursable under FLSA even if not reimbursable under other rules or statutes).

Next, Homier takes issue with various individual entries on Reich's fee petition. For

8

example, Homier objects to .2 hours for preparation of the consent to sue, arguing that it is not necessary in an individual FLSA case. However, as Reich points out, that is not clearly the law in all jurisdictions; 29 U.S.C. § 216 appears to require the consent to sue and the better practice is for all plaintiffs to prepare such a form, regardless of collective action status.

Homier also objects to the amount of time Reich's counsel spent on the fee petition. The time spent on the actual fee declaration totals 5.90 hours, the time spent on the reply (including reading Homier's brief and researching cases cited) was 5.50 hours. Clearly, this time spent is reasonable and recoverable. A small amount of additional time was spent prior to preparing the fee petition, encompassing such things as discussing with other counsel the settlement approach on fees and reviewing drafts of the fee settlement letter. There is nothing in the case law to suggest that these hours are not recoverable. While it is true that the time attributed to preparing fee petitions must be reasonable in light of the overall time spent on the case, the time spent on the present fee petition is well in line with what one would expect. Homier also attempts to argue that since it offered to settle the fee issues (at a rate unacceptable to Reich), Reich should not be entitled to recover time spent on the fee issues. However, Homier's approach is clearly erroneous, and would prevent any plaintiff from recovering such fees as the defendant would merely have to make an unacceptable settlement offer in every case.

The remaining fee issue in this case is whether a fee multiplier is appropriate. Reich has asked that the court apply a .5 multiplier. Reich claims that her counsel handled the case efficiently and expeditiously, without the necessity for trial, and obtained complete, excellent results. While Reich's claims may be true, there is nothing to suggest that counsels' efforts or results in this case warrant a multiplier. The court would hope that all counsel handle every case

9

efficiently and expeditiously, so this fact does not give rise to a multiplier.  With respect to the fact that the case settled and a trial was not necessary, this court notes that early settlement is the goal in all cases handled by the undersigned.  Many procedures are put in place to ensure that the parties have available to them various early dispute resolution tools, and settlement discussions are cheerfully facilitated by Magistrate Judge Cosbey whenever desired.  Thus the fact that the case settled does not necessarily warrant a multiplier.   Lastly,  the fact that Reich's counsel obtained complete, excellent results appears to be as much a blessing that arose from the specific facts of this case as from the efforts of Reich's counsel.  There is nothing in the record to suggest that this case was more than the "run of the mill" FLSA case.  Therefore, a multiplier will not be awarded.

The last issue in this case concerns the amount of costs recoverable.  Reich has claimed costs in the amount of $3248.41.  Homier objects to an award of any more than $170.00 in costs.  Homier claims that Reich should not be afforded all of her costs because these costs might not be recoverable under 28 U.S.C. § 1920.  Homier specifically objects to LEXIS research costs and to the pro hac vice filing fee necessitated by the transfer of this case from West Virginia at its request.

Under the FLSA, costs include reasonable out-of-pocket expenses.  Shorter v.  Valley Bank & Trust Co., 678 F.  Supp.  714, 726 (N.D. Ill.  1988).  Recoverable costs under the FLSA include those well beyond those normally allowed under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920.  Herold v.  Hajoca Corp., 864 F.2d 317, 323 (4th Cir.  1988)(holding that FLSA's costs provision authorizes an award of costs as part of a "reasonable attorney's fee", which would not be authorized under Rule 54 or 28 U.S.C. §1920); Colunga v.  Young, 722 F.  Supp.  1479, 1488

(W.D. Mich. 1989), aff'd 914 F.2d 255 (6th Cir. 1990)(holding that, while travel and telephone costs are not recoverable under Rule 54 or 28 U.S.C. § 1920, they are recoverable under "the remedial and thus more broadly interpreted cost-shifting aspect" of FLSA).  In fact, the Seventh Circuit has held that all expenses which normally appear on an attorney's bill to the client are reimbursable under the FLSA cost shifting provision, even where not allowable under § 1920. Calderon v. Witvoet, 112 F.3d 275 (7th Cir. 1997)

This court has reviewed the costs claimed, and finds that they are all recoverable under FLSA.  None of the costs are unusually high or out of the ordinary in any other respect, and the court finds no basis to exclude any of the costs requested.

Conclusion

Based on the foregoing, Reich's fee petition will be granted in part and denied in part. The court hereby AWARDS Reich's fees and costs as follows:

```
Attorney fees:   101.24 hrs x $250.00/hr = $25,310.00
Costs:                                       3,328.41
Total:                                     $28,638.41
```

SO ORDERED.

Entered: November 7, 2005.

s/ William C. Lee<br>William C. Lee, Judge<br>United States District Court